# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CHRIS GRAYER                                                  PLAINTIFF

v.                                                           No. 4:05CV135-P-B

CLASSIFICATION COMMITTEE, ET AL.                           DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Chris Grayer, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this suit. The plaintiff alleges that the defendants violated the plaintiff's right to due process by delaying his transfer to another facility. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### The Plaintiff's Claims

The plaintiff claims that he has been attacked with a knife on more than one occasion during his stay at the Mississippi State Penitentiary. Based upon these attacks, he sought a transfer to another facility. Prison officials denied his first request, but eventually granted the request, putting the plaintiff's name on the list of inmates waiting for a transfer. The plaintiff, however, seeks an expedited transfer. This claim must fail.

### Classification

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215,

224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff's claims in this case do not qualify as extreme circumstances, particularly in light of the fact that the plaintiff's request for a transfer has been approved. For these reasons, the plaintiff's due process claim regarding his transfer must fail.

The instant case shall therefore be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE